UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:98-cr-00431-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| JOHN WESLEY JINGLES, | |
| Defendant. | |

This matter is before the court on defendant's October 29, 2015 motion for reconsideration of this court's September 30, 2015 order denying defendant's motion to reopen proceedings on his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 motion. For the reasons explained below, defendant's motion is denied.

On June 1, 2001, defendant was convicted by a jury of multiple criminal counts. ECF No. 214. On October 23, 2001, the judge previously assigned to this case sentenced defendant to three concurrent life terms, 13 consecutive 480-month terms, and a total of 1,200 months in prison on nine other counts to run concurrently with the three life terms and 13 consecutive 480 month terms. ECF No. 269 at 3. On direct appeal, the Ninth Circuit Court of Appeals rejected defendant's "contention that the district court's guideline calculations and sentencing enhancements violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000)," concluding that "'*Apprendi* does not alter the authority of the judge to sentence *within* the statutory range

1

provided by Congress.'"  ECF No. 287 at 6-7 (quoting *United States v. Shwayder*, 312 F.3d 1109, 1122 (9th Cir. 2002)) (emphasis in original).  The court of appeals remanded the matter for deletion of four counts from the judgment of conviction and recalculation of a financial assessment imposed on defendant.  *Id*. at 7.  On June 2, 2003, this court issued an amended judgment.  ECF No. 288.

On October 4, 2004, defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  ECF No. 303.  Defendant raised numerous claims in the motion.  On August 24, 2007, a magistrate judge assigned to the action issued findings and recommendations recommending that the motion be denied.  ECF No. 330.  On October 17, 2007, the previously assigned judge adopted the findings and recommendations in full and denied the motion.  ECF No. 332.  Later however, the district court vacated the October 17, 2007 order, considered objections by defendant, and denied the motion in an amended order filed November 29, 2007.  ECF No. 336.  Defendant appealed the denial of his § 2255 motion, and on November 19, 2012, the Ninth Circuit affirmed the denial.  ECF No. 368.

On October 27, 2014, defendant filed a motion based on Federal Rule of Civil Procedure 60(b) to reopen proceedings on his § 2255 motion.  ECF No. 382.[1]  In an order filed September 30, 2015, this court denied the October 27, 2014 motion.  ECF No. 386.  Defendant now seeks reconsideration of that order.

Defendant seeks reconsideration on two grounds.  First, he contends that his October 27, 2014 motion for reconsideration arose under Federal Rule of Civil Procedure 60(b)(6) and was not subject to the one year time limitation of Federal Rule of Civil Procedure 60(c)(1).  ECF No. 388 at 3.  Second, he contends that no court has ever ruled on an ineffective assistance of counsel claim he contends is contained within the *Apprendi* claim in his § 2255 motion.  *See* ECF No. 388 at 4.  The latter contention was the basis for defendant's first motion for reconsideration.

Even if defendant were correct and his first motion for reconsideration fell within the parameters of Federal Rule of Civil Procedure 60(b)(6), rather than Federal Rule of Civil

---

[1] Defendant filed an amended motion for reconsideration on June 11, 2015.  ECF No. 384.  There are no substantive differences in the two motions.

2

1  Procedure 60(b)(1), the motion would still be denied.  Relief is available under Federal Rule of

2  Civil Procedure 60(b)(6) only on a showing of "'extraordinary circumstances' justifying the

3  reopening of a final judgment" and the United States Supreme Court has noted that "[s]uch

4  circumstances will rarely occur in the habeas context."  *Gonzalez v. Crosby*, 545 U.S. 524, 535

5  (2005).  Defendant has not shown an extraordinary circumstance that warrants reconsideration of

6  an order made nine years ago that has been affirmed on appeal.

7       Defendant contends there is an ineffective assistance of counsel claim within the seventh

8  claim for relief in his § 2255 motion, and that the court failed to reach it when it denied his

9  motion.  Defendant is incorrect.  The seventh claim for relief in defendant's § 2255 motion was

10  based on *Blakely v. Washington*, 542 U.S. 296 (2004) and its predecessor, *Apprendi*, *supra*.  ECF

11  No. 303 at 56.  Defendant contended that his sentence had been enhanced based on facts neither

12  submitted to nor found by the jury.  *Id*. at 57-58.  This claim was denied on the ground that

13  *Apprendi* and its progeny do "not apply retroactively to cases on collateral review."  ECF No. 330

14  at 9; ECF No. 336.

15       Within his seventh claim, defendant argued that his sentence was "illegally enhanced . . .

16  All by ineffective counsels failure to raise the IMPOSSIBLE evidence, 2 levels for firearm and 4

17  levels for organizer of 'IMPOSSIBLE' evidence."  ECF No. 303 at 58.   He also argued that "the

18  'IMPOSSIBLE' sales, false manufactured lies, all warrant resentencing from the violations of the

19  5th, 14th Constitutional amendments of due process caused by Ineffective assistance of counsel."

20  *Id*. at 59.  The first three claims in defendant's § 2255 motion were claims of ineffective

21  assistance of counsel, and included contentions that his attorney had provided ineffective

22  assistance in failing to exclude so-called "impossible" evidence.  *See* ECF No. 330 at 3.  The

23  court expressly rejected those claims.  *Id*. at 4, 6.

24      For the foregoing reasons, defendant has not shown that he is entitled to relief from this

25  court's September 30, 2015 order or from the denial of his § 2255 motion.

26  /////

27  /////

28  /////

Accordingly, IT IS HEREBY ORDERED that defendant's October 29, 2015 motion for reconsideration, ECF No. 388, is denied.

DATED: December 8, 2016.

_____
UNITED STATES DISTRICT JUDGE