1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                No.  2:98-cr-0431 KJM

12                  Plaintiff/Respondent,

13         v.                                 ORDER

14   JOHN WESLEY JINGLES,

15                  Defendant/Petitioner.

16

17

18              Defendant Jingles, proceeding *pro se*, is currently serving a life sentence for his

19   conviction on twenty-five counts related to a drug dealing enterprise.  Sixteen years after his original

20   conviction, he moves this court for an order correcting a "clerical mistake" within his Amended

21   Judgment.  Mot., ECF No. 402.  He contends the Amended Judgment is deficient in three ways: (1) It

22   erroneously elongates his term of supervised release; (2) it improperly cites a drug conspiracy statute

23   that he was never convicted of violating; and (3) it omits the waiver of interest on his $1 million fine.

24   *Id*. at 2-4.  The government opposes, arguing not one of the alleged deficiencies warrants correction.

25   Opp'n, ECF No. 410.  As explained below, the court DENIES defendant's motion.

26   ////

27   ////

28   ////

                                            1

1    I.    BACKGROUND

2           Since his 2001 conviction, defendant has initiated a number of post-trial litigation

3    matters.  Defendant directly appealed his conviction and life sentence.  ECF No. 244.  The Ninth

4    Circuit affirmed the conviction and sentence, remanding the case solely for amendment of the

5    judgment to correct a penalty assessment.  *United States v. Jingles*, 64 F. App'x 82, 83-84 (9th

6    Cir. 2003) (remanding "for the sole purpose of deleting [four counts] from the judgment and from

7    the assessment calculation"); *see also* Am. J., ECF No. 288.

8           After his judgment was amended, defendant moved for resentencing under

9    18 U.S.C. § 2255.  ECF No. 303.  The magistrate judge recommended denying his motion.

10   ECF No. 330.  Defendant objected.  ECF 333.  The court adopted the magistrate judge's

11   recommendation, ECF No. 332, and defendant moved for reconsideration, ECF No. 335.

12   Defendant then appealed, after the court denied a certificate of appealability.  ECF Nos. 338-40.

13   The Ninth Circuit affirmed.  ECF No. 368.  Defendant again moved to reduce his sentence and

14   moved to "reopen" his earlier § 2255 motion.  ECF Nos. 370, 384.  The court denied both

15   requests, ECF No. 386, and defendant moved for reconsideration, ECF No. 388.  The court again

16   denied his motion.  ECF No. 389.  He appealed, but was again denied a certificate of

17   appealability, by both the district court and the appellate court.  ECF Nos. 391, 394, 405.

18          On September 15, 2017, defendant filed the instant motion to correct clerical errors

19   within his amended judgment.  Mot.  The government opposed.  Opp'n.  Defendant filed a reply.

20   Reply, ECF No. 413.

21   II.   LEGAL STANDARD

22          Generally, a motion to fix a sentencing mistake based on an "arithmetical,

23   technical or other clear error" must be brought within fourteen days after sentence.  Fed. R. Crim.

24   P. 35(a).  But Rule 36 provides that "the court may at any time correct a clerical error in a

25   judgment, order, or other part of the record, or correct an error in the record arising from

26   oversight or omission."  Fed. R. Crim. P. 36.  Though lenient in its timing, Rule 36 is rigid in

27   scope: It permits only clerical changes, and the Ninth Circuit has repeatedly warned against using

28   this limited rule to alter a previously imposed sentence.  *See, e.g.*, *United States v. Penna*, 319

F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing.") (original emphasis) (citations omitted); *United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) (same); *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984) ("Rule 36 is a narrow provision limited to correction of errors of no more than clerical significance."); *see also United States v. Cripps*, No. 1:10-CR-00461-LJO, 2017 WL 1115972, at *1 (E.D. Cal. Mar. 27, 2017) (denying request to amend judgment, explaining "for anything other than a 'clerical error,'" challenges to or requests to amend a sentence submitted after the fourteen-day window "must be based on statutes or rules giving the district court jurisdiction to consider the challenge[.]").

Even clerical errors falling within Rule 36's ambit do not automatically warrant correction unless they impact the defendant in a meaningful way. *See, e.g.*, *United States v. Kilbride*, 584 F.3d 1240, 1259 (9th Cir. 2009) (finding "clerical error in the written judgment" was prejudicial where it incorrectly labels misdemeanors as felonies); *cf. Chowdhury v. I.N.S.*, 249 F.3d 970, 973 n.2 (9th Cir. 2001) (citing Rule 36 and explaining although "this mistake was clearly the result of a clerical error made in the original Judgment of Conviction[,]" error need not be corrected because it "was harmless."); *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 763-64 (3d Cir. 1982) (although special verdict form improperly used term "dangerous weapon" instead of "firearm," the "clerical mistake, which could have been corrected at any time by the district court under Fed. R. Crim. P. 36," was a harmless error) (footnote omitted). The materiality requirement read into Rule 36 by the courts appears geared to avoid overreliance to correct any error, including misplaced commas, grammatical inconsistencies and other matters having no impact on the resulting judgment.

As explained below, even if the errors defendant cites here fall within Rule 36's narrow ambit, the errors were harmless and no correction is warranted.

III.    ANALYSIS

    A.    Alleged Error # 1: Length of Supervised Release

Defendant argues the Amended Judgment improperly imposes 60 months of supervised release rather than 48 months.  Mot. at 3.

Although an isolated sentence plucked from the sentencing transcript plausibly supports defendant's argument, the full context shows defendant's term of supervised release was always 60 months. The sentencing court initially stated, "Upon release from imprisonment the defendant shall be placed on supervised release for a term of 60 months on each of counts 2, 21, 22 and 160 [sic] months on each of counts 5, 11 through 14, 23 through 29, 35, 36 and on counts 37, 38, 42 through 45, 47 through 49, all to be served concurrently for a total term of 60 months." Sentencing Tr., ECF No. 410-2, at 25. Within minutes, the Probation Officer noted on the record the court had erroneously said 60 months as to certain counts when it intended 48 months. *Id.* at 26 ("Your Honor, I noticed the supervised release there was a number of months amended on counts five.[1] That should be 48 months on each of those counts. They're all concurrent."). The court immediately agreed, stating, "All right. That amendment will be adopted." *Id.* Defendant now cites the latter statement as to the court's oral imposition of a 48-month term of supervised release, and contends the Amended Judgment's imposition of a 60-month term is a clerical error.

Defendant is incorrect. The sentencing court never said defendant's total term of supervision was 48 months. Rather, as relevant here, the court clarified there was a 60-month term of supervised release on some counts and a 48-month term on others, but all should be served concurrently for 60 months total. *Id.; see also* ECF 387 at 28 (sealed Presentence Investigation Report setting out statutory and Guidelines provisions for supervised release). Nothing in the record supports defendant's contention that the court erroneously imposed 60 months when 48 months operated as a cap.

Even if the court had erred, the proper avenue to correct the alleged error is a Rule 35 motion filed within fourteen days of sentencing, not a Rule 36 motion raised more than fourteen years later. Finally, even if the error were clerical in nature, the error would be harmless: Defendant is

/////

/////

---

[1] It appears the probation officer here was referring also to counts 11-14, 16-18, 23-29 and 35. *See* ECF 387 at 28.

serving a lifetime prison sentence.[2]  He will never be on supervised release.  The motion to correct this error is therefore DENIED.

## B.  Alleged Error # 2: Citing the Drug Conspiracy Charge

Defendant also contends the "statutory citation as to count one 21 U.S.C. § 846 conspiracy remain [sic] on the judgment and commitment order" even though he was not convicted on that count.  Mot. at 4.

The court agrees the reference to the conspiracy statute reflects a clerical error but finds the error is harmless.  When referencing Counts 21 and 22, the Amended Judgment should have listed as the basis only 21 U.S.C. § 841, which prohibits possession with the intent to distribute.  *See* Am. J. at 2.  On Counts 21 and 22, defendant received a life sentence, *id.* at 3, and he would have received a life sentence regardless of the clerical error because he also received a life sentence on Count 2 for his Continuing Criminal Enterprise conviction based on 21 U.S.C. § 848.  *Id.*  This mandatory sentence was upheld on direct appeal and survived a collateral attack.  The erroneous conspiracy citation within Counts 21 and 22 therefore is harmless and the motion to correct it is DENIED.

## C.  Alleged Error # 3: Omitting Interest Waiver

Defendant contends that at sentencing, the court waived the interest on his $1 million fine, but the Amended Judgment omitted a reference to this waiver.  Mot. at 2.

The court agrees this omission too reflects a clerical error.  *Compare* Sentencing Tr. at 24 (noting interest waiver) *with* Judgment at 6 (interest waiver box not checked).  Nonetheless, the error here too is harmless.  The omission of this interest waiver could harm defendant only after he pays the principal $1 million sum.  Considering defendant is serving a lifetime prison sentence with

---

[2] The federal parole system, which was abolished by the Sentencing Reform Act of 1984, previously afforded federal prisoners serving life sentences the opportunity to earn early release through good behavior.  Defendant here was sentenced to life in prison after federal parole was abolished and therefore is not entitled to earn early release based on good behavior.  *Graham v. Florida*, 560 U.S. 48, 70 (2010), *as modified* (July 6, 2010) (explaining a life sentence without the possibility of parole "means that good behavior and character improvement are immaterial; it means that whatever the future might hold in store for the mind and spirit of [the convict], he will remain in prison for the rest of his days.'") (quoting *Naovarath v. State*, 105 Nev. 525, 526 (1989)).

no source of substantial income and no apparent assets, he is unlikely ever to pay off the $1 million principal balance. If he does, a future Rule 36 motion to correct the error may be warranted. Until then, the omission is harmless. *Cf. Kilbride*, 584 F.3d at 1259 (9th Cir. 2009) (clerical errors warrant correcting only where errors cause prejudice); *Chowdhury*, 249 F.3d at 973 n.2 (noting clerical error but no need to correct it because no prejudice). The motion to correct this error is DENIED without prejudice.[3]

IV.    CONCLUSION

The court DENIES defendant's Rule 36 motion for an order correcting the three alleged clerical errors reviewed above.

IT IS SO ORDERED.

This resolves ECF No. 402.

DATED: March 12, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The court declines to reach the government's argument that correcting this clerical error through an amended judgment could "raise the flood gates to a whole host of frivolous new motions and arguments" including "that a new judgment restarts the statute of limitations for 2255s and/or opens the door for additional resentencing arguments." Opp'n at 5. The court's conclusion rests entirely on a harmless error analysis.