UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN WESLEY JINGLES,<br><br>          Defendant. | No. 2:98-cr-0431 KJM<br><br><br>ORDER |

Defendant John Jingles is currently serving a life sentence for his conviction on twenty-five counts related to a drug dealing enterprise. As part of his sentence, the court imposed a $2,500 special assessment and a $1,000,000 fine. *See* Am. J., ECF No. 288 at 6. Citing defendant's outstanding balance of $998,750.00, the government moves for an order authorizing the Bureau of Prisons ("BOP") "to turn over the funds in the Defendant's inmate trust account . . . to be applied to his restitution obligation." Mot., ECF No. 396, at 6.   Defendant opposes. ECF No. 412. As explained below, because defendant owes no "restitution," the court denies this motion.

////

////

////

1

The government files this request under 18 U.S.C. § 3613(c), which does pertain to criminal "fines," among other types of penalties, but the substance of the government's request conflates criminal fines and assessments with criminal restitution, citing primarily to authority involving the latter. *See* Mot. at 2-5. Specifically, the government argues it "has a right to demand immediate payment of Defendant's outstanding restitution judgment, and has a valid lien against all of Defendant's real and personal property." Mot. at 5. The government cites the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq.*, which requires funds a defendant receives while in prison to be applied to an outstanding "restitution" obligation. *Id.* at 2. The government cites three cases that authorized inmate trust account funds to be "applied towards restitution." *Id.* at 3 (citing cases). The government also cites the Crime Victims' Act, 18 U.S.C. § 3771(a)(6), to argue "the victims of defendant's crime are entitled to full and timely restitution as provided by law." *Id.* at 3 n.3.

Yet defendant's crimes involved no victims and defendant owes no restitution. *See* Am. J. at 6 (identifying no victims; ordering only a fine and special assessment, leaving all restitution boxes unchecked). The government has neither acknowledged this absence of any restitution obligation, nor explained how the cited authority pertaining to restitution extends to defendant's fine and assessment. *See generally* Mot. The court therefore DENIES this motion, without prejudice.

IT IS SO ORDERED.

This resolves ECF No. 396.

DATED: April 17, 2018.

_____
UNITED STATES DISTRICT JUDGE