UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Respondent,<br><br>     v.<br><br>JOHN WESLEY JINGLES,<br><br>                Movant. | Case No. 2:98-cr-00431-KJM-JDP (HC)<br><br>ORDER:<br><br>(1) DENYING MOVANT'S MOTIONS FOR CLARIFICATION<br><br>(2) GRANTING MOVANT'S MOTION FOR EXTENSION OF TIME<br><br>ECF Nos. 455 & 472<br><br>FINDINGS AND RECOMMENDATIONS THAT MOVANT'S MOTION TO MODIFY FINE AND SECTION 2255 MOTION BE DENIED<br><br>ECF No. 453 & 458 |

      John Wesley Jingles ("movant") has filed a motion to vacate, set aside, or correct sentence pursuant to section 2255. ECF No. 453. The government argues that the motion is time-barred, and I agree and recommend that it be denied on that basis. Movant has filed three other motions: one for clarification of the court's amended judgment, ECF No. 455, another for modification of the fine imposed as part of that judgment, ECF No. 458, and a motion for extension of time, ECF No. 472. The first two motions will be denied, and the third will be granted.

**Motion for Clarification**

Movant has filed a motion that seeks clarification on how 18 U.S.C. § 3613 applies to this case. ECF No. 455. He also seeks relief from the imposed fine under Federal Rule of Criminal Procedure 35. *Id.* at 1-2. Movant's request for clarification appears to concern whether the fine would terminate on his death. *Id.* at 1. This, as the government points out, is essentially a request for legal advice; resolving this question is not pertinent to any issue properly before the court. Courts are not permitted to issue advisory opinions. *See Industrial Communications Systems, Inc. v. Pacific Tel. & Tel. Co.*, 505 F.2d 152, 155 (9th Cir. 1974).

Movant's request for relief under Rule 35 will also be denied. That rule allows a claimant to move to correct a sentence "that resulted from arithmetical, technical, or other clear error" within fourteen days of sentencing. Movant filed this motion outside the fourteen-day window and has not shown that his current sentence is erroneous.

**Motion for Modification of Fine**

Movant asks that his fine be modified because USP Florence, where he is incarcerated, has called for him to make monthly, rather than quarterly, payments toward his fine. ECF No. 458 at 1. Certain restrictions were levied against movant based on his refusal to participate in monthly payments. *Id.* at 1-2. He now asks that the fine be modified so that it is paid to the court itself rather than to USP Florence. *Id.* at 2. Movant has cited no legal justification for such an unorthodox modification. Moreover, as the government points out, movant's allegations that officials at USP Florence are employing unconstitutional tactics against him must be brought in a separate action—under section 2241 if he intends to challenge the manner, location, or conditions of his sentence, or in a civil rights action if he intends to challenge the conditions of his confinement. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Accordingly, I recommend that movant's motion to modify his fine be denied.

**Section 2255 Motion**

I. **Background**

Movant was found guilty on twenty-five drug-trafficking-related counts in 2001. ECF No. 213. The Ninth Circuit affirmed the convictions on direct appeal, but remanded to the district court after finding that the judgment incorrectly reflected the number of convictions. *United States v. Jingles*, 64 F. App'x 82 (9th Cir. 2003). Specifically, the Ninth Circuit noted that the district court had correctly declined to sentence movant on four counts that were multiplicitous, but that the judgment nevertheless reflected convictions on these counts, which were included in the calculation of movant's assessment. *Id.* at 84. The Supreme Court denied certiorari, *Jingles v. United States*, 540 U.S. 913 (2003), and the judgment was corrected in June 2003, ECF No. 288.

Movant filed his first section 2255 motion in October 2004, ECF No. 303, which was denied in November 2007, ECF No. 336. The Ninth Circuit affirmed that denial in 2012. ECF No. 368. In 2013, movant motioned to reduce his sentence and to re-open his previously-denied section 2255 motion. ECF Nos. 370, 382, & 384. The district court denied these motions, ECF No. 386, as well as a subsequent motion for reconsideration, ECF Nos. 388 & 389. Movant appealed, and in September 2017 the Ninth Circuit denied his request for a certificate of appealability. ECF No. 405.

Also in September 2017, movant filed a motion under Federal Rule of Criminal Procedure 36 to correct a clerical error in the amended judgment, ECF No. 402, arguing that the amended judgment imposed more supervised release time than the district judge had imposed orally. *Id.* at 3. The amended judgment indicated a supervised release term of 60 months, while movant argued that the district judge orally imposed a term of 48 months. *Id.* Movant also argued that the amended judgment incorrectly included a conviction under 21 U.S.C. § 846 and failed to reflect that the court had waived interest on a fine. ECF No. 434 at 2. The district court denied movant's motion. ECF No. 415. The Ninth Circuit reversed on August 22, 2019. ECF No. 434. A second amended judgment was entered on October 10, 2019. ECF No. 440.

Movant again appealed to the Ninth Circuit on October 18, 2019, arguing that the district

court erred when it made the effective date of the second amended judgment retroactive to the original sentencing date. ECF No. 442. On August 13, 2020, the Ninth Circuit affirmed the district court's decision. ECF No. 447. In so doing it noted that the changes effected in the retroactive judgment "were not substantive changes; instead, they were expressly meant to make the record reflect what the district court intended to do at the original sentencing." *Id.* at 2.

On September 27, 2021, movant filed another motion to correct judgment, this time arguing that the second amended judgment bore an incorrect date. ECF No. 450. The district court filed a third amended judgment on October 4, 2021, ECF No. 451, and issued a minute order that resolved movant's motion, ECF No. 452.

The instant section 2255 motion was filed on October 29, 2021. ECF No. 453.

**Legal Standards**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

Here, movant's motion is time-barred. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a movant's section 2255 motion must be filed within one year of the date on which a movant's conviction becomes final. 28 U.S.C. § 2255(f)(1). Given that

4

movant's conviction was finalized in 2003, when the Supreme Court denied certiorari, his pending section 2255 motion can only be timely if either the second or third amended judgments constitute a new intervening judgment. Neither does.

Precedent holds that an amended judgment is only a new final judgment if it constitutes resentencing. Movant relies on the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010), to support his contention that the amended judgments constitute new final judgments. ECF No. 473 at 2-3. But, as movant appears to recognize, *Magwood* did not define what constitutes a new judgment. *See Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019) ("The holding in *Magwood* leads to the question of what constitutes a 'new judgment.' The Court did not provide a comprehensive answer—it simply held that the prisoner's resentencing in that case was a new judgment."). And other Ninth Circuit cases have emphasized that merely correcting "scrivener's errors," like the ones necessitating amended judgments in this case, do not constitute new final judgments. In *Gonzalez v. Sherman*, the Ninth Circuit explained:

> A scrivener's error occurs when there is a discrepancy between the court's oral pronouncement of the judgment and the written record of that judgment in the minute order or in the abstract of judgment. For example, a scrivener's error occurs if the oral pronouncement of judgment is '5 years' but the clerk writes '50 years' in the written document reflecting that judgment. Under California law, when there is a difference between the trial court's oral judgment and the written abstract of judgment, the oral pronouncement controls as it constitutes the actual judgment. Correcting a scrivener's error in the abstract of judgment does not lead to a new judgment because the judgment itself does not change, only the written record that erroneously reflects that judgment. In the above example, the judgment pronounced orally would remain at 5 years and the abstract of judgment would be amended to correctly reflect that 5-year judgment. Unlike an error in the calculation of credits when the oral judgment itself is in error such that both the judgment and abstract of judgment must be amended, a scrivener's error carries no legal consequences as it is only the record that must be corrected and that record does not contain the actual judgment or the actual sentence to be served.

873 F.3d 763, 772 (9th Cir. 2017).[1] Here, movant's sentence did not change with either amended

---

[1] The court in *Gonzalez* discussed the issue of whether an action was a new final judgment in the context of a California state case. Nevertheless, I see no reason why the court's reasoning regarding a "scrivener's error" should not apply in the immediate case.

5

judgment. The changes to the written judgments did not resentence movant, they simply aligned the text with the district court's oral pronouncement of the sentence. Accordingly, his current section 2255 motion is time-barred and should be denied on that basis.

Accordingly, it is hereby ORDERED that:

1. Movant's motion for clarification, ECF No. 455, is DENIED.

2. Movant's motion for extension of time, ECF No. 472, is GRANTED, and his reply to the government's opposition, ECF No. 473, is deemed timely.

Further, it is RECOMMENDED that movant's section 2255 motion, ECF No. 453, and his motion to modify fine, ECF No. 458, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 20, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE